## 10301

### STATE v. MATHENEY

(101 S. E., 661)

DISTURBANCE OF PUBLIC ASSEMBLAGE—OFFENSE NEED NOT BE COMMITTED BEFORE DISMISSAL OF CONGREGATION.—Evidence that after congregation had been dismissed by pastor, and while the congregation or a part of it was in the churchyard, defendants created a disturbance on church grounds by the firing of shots and by loud talking and cursing, frightening and causing congregation to run and scatter in various directions, did not justify direction of verdict for defendant in a prosecution for disturbance of religious worship under Criminal Code 1912, p. 703; it being unnecessary that such disturbance take place before congregation was dismissed.

Before RICE, J., Barnwell, 1919. Affirmed.

John N. Matheney and others indicted for disturbing religious worship, and upon conviction appeal.

*Mr. J. O. Patterson, Jr.,* for appellants, cites: *Prosecution under Secs. 703, 158, Criminal Code 1912: Penal Statute must be strictly construed:* 32 S. E., 466; 80 S. E., 742; 96 S. E., 5; 91 S. C., 377. *Disturbance must be during service:* 9 A. & E. Enc. L. (2nd Ed.), 607; 12 S. E., 600; 105 S. C., 29; 35 S. E., 600; 109 S. C., 415.

*Mr. R. L. Gunter, Solicitor,* for the State, cites: *Service need not be actually in progress:* 9 R. C. L., 229; 2 Bish. New Crim. L., Sec. 304; 53 Ala., 398; 41 Ark., 410; 7 Tex. App., 59.

December 22, 1919.

The opinion of the Court was delivered by Mr. Justice Watts.

The appellants were indicted, tried and convicted before Judge Rice and a jury for violating Section 703, Criminal Code, for "disturbance of religious worship" and carrying concealed weapons. After sentence appellants appeal and impute error on the part of his Honor in not directing a verdict of not guilty as to all of the defendants, as asked for by them, at the close of the evidence in the case, on the ground that there was not sufficient testimony to sustain a conviction, as the evidence showed that the religious services had been dismissed when the disturbance occurred, and complain of error on the part of his Honor in his charge to the jury, and in not charging certain requests, submitted on the part of the defendants. ·

The evidence shows that immediately after the congregation had been dismissed by the pastor a difficulty occurred on the church ground, wherein several shots were fired, one man shot, loud talking and cursing indulged in, which caused the congregation on the ground to run, and scatter in various directions, and alarm and frighten them. The difficulty took place at the well which was on the church property twenty or twenty-five yards from the church,

while the congregation, or a part of it, was in the church-yard.

There is no doubt that the congregation had convened in the first instance for religious worship, the pastor had dismissed the congregation, with the announcement that the baptism of the converts would take place later at Willis' pond, about one and one-fourth of a mile from the church after the afternoon service.

The Section of the Code under which the appellants were convicted is sufficient to sustain the conviction. It does not contemplate that the disturbance shall occur while the congregation shall be actually engaged in religious worship. They have the right to convene on the church ground for that purpose, to enter the church, and engage in religious worship, and, after church, to disperse without being disturbed, made afraid, or annoyed by profanity, fighting on the part of any persons, who, by their conduct willfully and maliciously interrupt or disturb the congregation assembled for religious worship, either in convening for the purpose of religious worship, or while actually engaged therein, or in dispersing from the church or grounds of the church, after the congregation is dismissed.

The congregation has the right to convene, worship, and disperse without malicious or willful interruption. The exceptions are overruled, and judgment affirmed.